IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-174-FL

| | |
|---|---|
| RODNEY LANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's 22 & 24). Both parties have also filed responses (DE's 26-27), and the time for either party to file a reply has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence six of 42 U.S.C. § 405(g), for more specific findings of fact as detailed below.

**I.  Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on June 7, 2006, alleging that he has been disabled since May 25, 2006. (Tr. 11). This application was denied initially and upon

1

reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated December 9, 2008. *Id.* at 11-20. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on July 14, 2010, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on September 3, 2010. (DE-1).

On January 29, 2009, Plaintiff filed a subsequent application for DIB. (DE 26-1, pg. 8). In a decision dated April 28, 2011, another ALJ determined that Plaintiff had been disabled since December 10, 2008. *Id.*

## II. Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

> *Id.*

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not]

2

undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III.   Analysis

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 25, 2006. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) post traumatic stress disorder ("PTSD"); and 2) depressive disorder. *Id.* In completing step three, however, the ALJ determined that these impairments were not severe enough to meet or medically

3

equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* The ALJ then proceeded with step four of his analysis and determined that Plaintiff was unable to perform any past relevant work. *Id.* at 19. At step five, however, the ALJ found that there were jobs that Plaintiff could perform and that these jobs existed in significant numbers in the national economy. *Id.* at 19-20. In making this finding, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except limitations to only occasional contact with co-workers and the general public, and the performance of only simple, routine, repetitive tasks.
>
> *Id.* at 14.

Accordingly, the ALJ ultimately determined that Plaintiff was not under a disability at any time through December 9, 2008. *Id.* at 20.

However, as noted above, a subsequent decision by another ALJ determined that Plaintiff was disabled as of December 10, 2008. (DE 26-1). Although new medical evidence was introduced, the subsequent decision relied at least partially on information that was available prior to the August 12, 2008 decision. *Id.* at 6-7.

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather,

4

evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. *See*, Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir.1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir.1971).

Here, the discrepancies between the December 9, 2008 and April 28, 2011 decisions call into question whether all material evidence was considered in the former determination. *See*, Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D.W.Va. September 29, 2003)(a "decision finding disability commencing less than a week after . . .[an ALJ] first pronounced that Claimant was not disabled is new and material evidence")(*citing* Lively v. Secretary of HHS, 820 F.2d 1391 (4th Cir.1987)). The undersigned finds that "an award based on an onset date coming in . . . [such close] proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." Bradley v. Barnhart, 463 F. Supp. 2d 577, 581 (S.D.W.Va. September 28, 2006). Therefore, "[i]n light of the possible inconsistency between the first decision and the subsequent finding of disability related to the second application, this case should be remanded for further consideration." Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D.Va. June 7, 2007)(internal citation omitted).

Accordingly, it is HEREBY RECOMMENDED that the decision dated December 9, 2008 be remanded for the purpose of determining the precise onset date of Plaintiff's disability.

## IV. Conclusion

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22 ) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that the

matter be remanded, pursuant to sentence six of 42 U.S.C. § 405(g), to permit an ALJ to make additional findings in accordance with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, June 08, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE