IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 7:10-CV-174-FL

| | |
|---|---|
| RODNEY LANEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 22, 24). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court grant plaintiff's motion, deny defendant's motion, and remand the matter for more specific findings of fact. Defendant timely filed objection to the M&R, and plaintiff responded. In this posture, the issues raised are ripe for review. For the reasons that follow, defendant's objection is overruled, and the findings and recommendations of the magistrate judge are adopted in full.

**STATEMENT OF THE CASE**

Plaintiff filed an application for disability insurance benefits ("DIB") on June 7, 2006, alleging a disability onset date of May 25, 2006. This application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), who determined in decision dated December 9, 2008 that plaintiff was not disabled. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied plaintiff's request for

review on July 14, 2010, rendering the ALJ's determination as defendant's final decision. Plaintiff filed the instant action on September 3, 2010.

On January 29, 2009, plaintiff filed a subsequent application for DIB. In a decision dated April 28, 2011, another ALJ determined that plaintiff had been disabled since December 10, 2008.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error" and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

2

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

The first ALJ determined that plaintiff was not under a disability at any time from May 25, 2006, through December 9, 2008. As noted above, however, plaintiff filed a subsequent application on January 29, 2009, which resulted in a subsequent decision, dated April 28, 2011, in which it was determined that plaintiff was disabled as of December 10, 2008. The subsequent decision relied partially on information that was available prior to the December 9, 2008, decision. It is the determination of the first ALJ, wherein it was decided that plaintiff was not under a disability at any time through December 9, 2008, that has been raised for this court's review.

Plaintiff contends that his case should be remanded for further proceedings due to the award of disability benefits on the subsequent application, with a disability onset date only one day after the previous denial.

On review, the magistrate judge looked to 42 U.S.C. § 405(g), which provides that remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991). The new evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Finally, the new evidence need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was

3

disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).

Upon *de novo* review, the court finds compelling the position of plaintiff and the magistrate judge. The second ALJ's finding of disability commencing only one day after the first ALJ's denial of disability is new and material evidence. See, e.g., Hayes v. Astrue, 488 F. Supp. 2d 560, 561 (W.D.Va. 2007) ( "Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence."). Furthermore, plaintiff had good cause for failing to incorporate this evidence into the record in the first proceeding, as the Appeals Council denied plaintiff's request for review well before the second ALJ issued decision. Thus, the new evidence has not been previously been considered.

Accordingly, the court determines that remand is appropriate, pursuant to sentence six of 42 U.S.C. § 405(g), for factual determination regarding the onset date of plaintiff's disability.

## CONCLUSION

Having conducted a *de novo* review of those portions of the M&R to which specific objection was lodged, and upon considered review of the remainder of the M&R, the court for the foregoing reasons ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 28). Accordingly, plaintiff's motion for judgment on the pleadings (DE # 22) is GRANTED, defendant's motion for judgment on the pleadings (DE # 24) is DENIED, and the matter is REMANDED to the ALJ to permit factual findings as to the onset of plaintiff's disability.

4

SO ORDERED, this the 5th day of December, 2011.

                                          LOUISE W. FLANAGAN
                                          United States District Judge